UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ALL STAR HEALTH CARE, INC. A, | : | CASE NO. 17-54115-SMS |
| GEORGIA CORPORATION, | : | |
| | : | |
| Debtor. | : | |
| | : | |

**APPLICATION BY TRUSTEE FOR COMPENSATION**

TO:    THE HONORABLE SAGE M. SIGLER
          UNITED STATES BANKRUPTCY JUDGE

This Application of S. Gregory Hays, brought pursuant to Section 330 of the United States Bankruptcy Code, respectfully shows that he is the duly-appointed and qualified Trustee in Bankruptcy of the above-captioned Estate , that the assets of said Debtor have been liquidated, and that there came into the hands of the undersigned Trustee for disbursement the total sum of $18,628.56 of which $0.00 has been disbursed to the Debtor and the Trustee anticipates an additional $0.00 will be distributed to the Debtor.

In the administration of said Estate, your Applicant has performed March 6, 2017 through September 24, 2020. The statutory allowance is the sum of $2,612.86, and Applicant has heretofore received on his account compensation as Trustee in the sum of $0.00.

Your Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Your Applicant has not entered into any agreement, written or oral, express or implied, with any other party in interest or any attorney of any other party in interest in this proceeding for the purpose of

fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

On March 6, 2017 (the "**Petition Date**"), All Star Health Care, Inc. ("**Debtor**") filed a voluntarily petition under Chapter 7 of Title 11 of the United States Code (11 U.S.C. § 101, *et seq.*, as amended, is hereinafter referred to as the "**Bankruptcy Code**"), initiating Case No. 17-54115-SMS (the "**Case**"). Shortly thereafter, Trustee was appointed, and he remains, the duly acting Chapter 7 trustee in this Case.

Trustee and his professionals have undertaken extensive investigation and identification of assets of the estate, have taken such steps as deemed appropriate for administration and protection of the estate, and created an estate that totals approximately $18,000.00.

Trustee and his professionals created this estate after recovering monies owed to the Debtor by the State of Georgia, Department of Community Health.

At the commencement of the Bankruptcy Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquires after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7) (2015). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2015).

Prior to the Petition Date, the Debtor performed services and expected payments from the Department of Veterans Affairs (the "**VA**"). The US Government offset the amounts owed to the Debtor for services provided to patients through the VA against taxes owed to the Internal Revenue Service (the "**IRS**") by the Debtor.

The Debtor's officer was unsure of what amounts were offset by the IRS and what was outstanding from the VA. Upon further investigating and discussions with various parties, the setoff were determined to be appropriate and the Trustee reconciled the offsets, which ultimately reduced the secured claim of the IRS against the assets of the Bankruptcy Estate. The reduced secured claim of the IRS is reflected in proof of claim number 9.

As said Trustee, your Applicant has or will pay in the final administration of the case out of his own funds expenses totaling $436.27, none of which have been repaid and for which he prays for reimbursement. Attached hereto marked as Exhibit "A" and incorporated herein by reference is an itemization of Trustee's expenses.

The Internal Revenue Service has asserted a secured claim against the Debtor pursuant to two liens filed on February 3, 2014 and April 4, 2014. After the setoffs described above, the balance owed on the liens totals $34,542.86, which is the amount claimed on proof of claim number 9. The IRS's lien attaches to the recoveries of the Trustee.

The Trustee and his professionals have incurred fees and expenses totaling $10,796.83. Pursuant to 11 U.S.C. 724(b), the Trustee surcharges the lien of the IRS for the cost to pursue its collateral and the balance of the Bankruptcy Estate funds will be paid to the IRS.

WHEREFORE, S. Gregory Hays prays for such allowance for his services herein in the amount of $2,612.86 plus reimbursement of expenses in the amount of $436.27 and as the Court finds reasonable and just.

Respectfully submitted this 24th day of September, 2020.

                                                /s  
                                                S. Gregory Hays

Hays Financial Consulting, LLC       Chapter 7 Trustee  
2964 Peachtree Rd, N.W, Ste 555  
Atlanta, Georgia 30305  
404) 926-0060

Exhibit "A"

## Hays Financial Consulting, LLC
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

---

**All Star Health Care, Inc.**
**Case # 17-54115-bem**

For the Period from    3/6/2007    to   9/17/2020

September 17, 2020

|  |  | **Amount** |
|---|---|---:|
| | **Expenses** | |
| 1/5/2018 | 2018 Blanket Bond Fee | 5.58 |
| 1/4/2019 | 2019 Bond fee | 0.55 |
| 1/9/2020 | 2020 Bond fee | 6.44 |
| 9/17/2020 | Case Closing Expenses: | 423.70 |
| | Copies NFR - 88 notices @ 6 pages @ $0.15 per copy - $79.20 | |
| | Postage NFR - 88 notices @ $0.50 per notice - $44.00 | |
| | Postage distribution checks - 1 checks @ $0.50 per check - $0.50 | |
| | Secure record destruction - $300.00 | |
| | Subtotal | 436.27 |
| | **Total costs** | **$436.27** |